UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 07-14278-CIV-GRAHAM/LYNCH

| | |
|---|---|
| WILLIAM KORNFELD, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> OPTEUM INC., et al., <br><br> Defendants. | CLASS ACTION |

Case No. 07-14305-CIV-GRAHAM/LYNCH

| | |
|---|---|
| RICHARD and LINDA COY, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> OPTEUM INC., et al., <br><br> Defendants. | CLASS ACTION |

MEMORANDUM IN SUPPORT OF THE MOTION OF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 98 FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

Case No. 07-14278-CIV-GRAHAM/LYNCH

**I.     PRELIMINARY STATEMENT**

Presently pending before this Court are at least two-related securities class action lawsuits (the "Actions") brought on behalf of all persons, other than defendants, who purchased or otherwise acquired Opteum Inc. ("Opteum" or the "Company")[1] shares pursuant and/or traceable to the Company's September 2004 initial public offering ("IPO") and/or the Company's December 2004 secondary offering ("Secondary Offering"), as well as purchasers of the Company's stock between November 3, 2005 and May 10, 2007, inclusive (the "Class Period") and allege violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Institutional Investor International Brotherhood of Electrical Workers Local 98 ("IBEW Local 98") hereby moves this Court for an Order to: (i) consolidate the Actions; (ii) appoint IBEW Local 98 as Lead Plaintiff in the Actions under Section 27 of the Securities Act and Section 21D of the Exchange Act; and (iii) approve IBEW Local 98's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that IBEW Local 98 is the most adequate plaintiff, as defined by the PSLRA. IBEW Local 98 is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.,* No. 03

---

[1]     As of September 28, 2007, the Company changed its name to Bimini Capital Management, Inc.

- 1 -

Case No. 07-14278-CIV-GRAHAM/LYNCH

Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 15, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, IBEW Local 98 is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the Class.

IBEW Local 98 suffered losses of approximately $49,331.57 in connection with its purchases of shares of Opteum during the Class Period. *See* Reise Decl. Ex. B.[2] In addition, IBEW Local 98, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative Class and that it will fairly and adequately represent the interests of the Class.

## II.  FACTUAL BACKGROUND

Opteum is a Real Estate Investment Trust ("REIT") that also operates an integrated mortgage-related investment portfolio and a mortgage origination platform.

The Complaint charges Opteum and certain of its officers and directors with violations of the Securities Act and the Exchange Act. More specifically, the Complaint alleges that, in connection with the Company's IPO and Secondary Offering, defendants failed to disclose or indicate the following: (1) that the Company's interest costs at the time of the IPO and Secondary Offering were substantially increasing; (2) that as a result, the Company's various approaches to risk management did not provide investors reasonable protections against losses; and (3) that the Company lacked adequate internal and financial controls.

---

[2]   References to the "Reise Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of Jack Reise, dated November 19, 2007, and submitted herewith.

Additionally, throughout the Class Period, defendants failed to disclose additional material adverse facts about the Company's financial well-being, business relationships, and prospects. Specifically, defendants failed to disclose or indicate the following: (1) that the Company's integration of Opteum Financial Services, LLC ("OFS") was not proceeding according to plan; (2) that the Company's risk management controls and procedures were incompatible with OFS' risk management controls and procedures; (3) that OFS' loans were designed to produce short-term financial results, which would subject the Company to unreasonable long-term risk and expenses; (4) that the Company had improperly valued and monitored collateral; (5) that the Company had underreported its loan loss reserves; (6) that the Company's book value and projected cash flows were materially overstated; (7) that the Company had failed to adequately hedge its exposure to losses; (8) that the Company and OFS lacked adequate internal and financial controls; (9) that the Company's financial statements were not prepared in accordance with Generally Accepted Accounting Principles; (9) that, as a result of the above, the Company's financial statements were false and misleading at all relevant times; and (10) that, as a result of the foregoing, the Company's guidance about its 2007 financial and operational results was lacking in any reasonable basis when made.

On May 10, 2007, the Company shocked investors when it reported its first quarter 2007 financial and operational results. The Company reported $12.2 million in negative fair value adjustments to OFS' mortgage servicing rights, $1.3 million in negative fair value adjustments to OFS' residuals, and $8.8 million in asset write downs at OFS. Additionally, the Company revealed that nearly 50 percent of the Company's first quarter loss, or $37.4 million, was attributable to a valuation allowance on OFS' deferred tax assets, nearly 17.5 percent of the loss was attributable to

negative fair value adjustments to OFS' mortgage servicing rights and retained interests in securitizations, and slightly more than 10 percent of the loss was attributable to asset write downs at OFS, due in part to the Company's decision to exit the mortgage origination business. Also, the Company revealed that its quarterly loss included $14.1 million in negative fair value adjustments to mortgage loans held for sale and interest rate lock commitments, and hedging losses of $4.6 million.

Upon this news, on May 11, 2007, shares of the Company's stock fell $1.37 per share, or over 25 percent, to close at $4.08 per share, on unusually heavy trading volume.

### III. ARGUMENT

#### A. THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The Actions each assert class claims on behalf of the purchasers of Opteum shares for alleged violations of the Securities Act and the Exchange Act during the relevant time period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Opteum shares during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Opteum securities at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

Case No. 07-14278-CIV-GRAHAM/LYNCH

B.  **IBEW LOCAL 98 SHOULD BE APPOINTED LEAD PLAINTIFF**

1.  **The Procedure Required By the PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the Action entitled *William Kornfeld vs. Opteum Inc., et al.,* Civil Action No. 07-14278-CIV-Graham/Lynch caused the first notice regarding the pendency of these Actions to be published on *Prime Newswire*, a national, business-oriented newswire service, on September 20, 2007. *See* Reise Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. IBEW Local 98 Satisfies the "Lead Plaintiff" Requirements of the Securities Act and the Exchange Act

#### a. IBEW Local 98 Has Complied With the Securities Act and the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which Class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on November 19, 2007.  Pursuant to the provisions of the PSLRA, and within the requisite time frame after publication of the required notice (published on September 20, 2007), IBEW Local 98 timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

IBEW Local 98 has duly signed and filed a certification stating that it is willing to serve as the representative party on behalf of the Class.  *See* Reise Decl. Ex. C.  In addition, IBEW Local 98 has selected and retained competent counsel to represent itself and the Class.  *See* Reise Decl. Ex. D.  Accordingly, IBEW Local 98 has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and selection of Lead Counsel as set forth herein, considered and approved by the Court.

#### b. IBEW Local 98 Is Precisely the Type of Lead Plaintiff Congress Envisioned When it Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions.  *See* H.R.

Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. IBEW Local 98, as an institutional investor, is precisely the type of Lead Plaintiff Congress envisioned when it passed the PSLRA. *See id.*

### c.     IBEW Local 98 Has the Requisite Financial Interest in the Relief Sought By the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Reise Decl. Ex. C, IBEW Local 98 purchased shares of Opteum in reliance upon the materially false and misleading statements issued by defendants and was injured thereby. In addition, IBEW Local 98 incurred a substantial $49,331.57 loss on its transactions in Opteum shares. IBEW Local 98 thus has a significant financial interest in this case. Therefore, IBEW Local 98 satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this Action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d.     IBEW Local 98 Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class

Case No. 07-14278-CIV-GRAHAM/LYNCH

is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 6, 1997). IBEW Local 98 satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of

the class does not mean, however, that the claims must be identical. *See Ferrari,* 2004 U.S. Dist. LEXIS 13898, at *18.

IBEW Local 98 satisfies this requirement because, just like all other Class members, it: (1) purchased Opteum shares during the Class Period; (2) purchased Opteum shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, IBEW Local 98's claims are typical of those of other Class members since its claims and the claims of other Class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of IBEW Local 98 to represent the Class to the existence of any conflicts between the interest of IBEW Local 98 and the members of the Class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, No. 02-MD-1472 (GEL), 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 23, 2004).

Here, IBEW Local 98 is an adequate representative of the Class. As evidenced by the injuries suffered by IBEW Local 98, which purchased Opteum shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of IBEW Local 98 are clearly aligned with the members of the Class, and there is no evidence of any antagonism between IBEW Local 98's interest and those of the other members of the Class. Further, IBEW Local 98 has taken significant steps which demonstrate it will protect the interests of the Class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below,

Case No. 07-14278-CIV-GRAHAM/LYNCH

IBEW Local 98's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, IBEW Local 98 *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C.  THE COURT SHOULD APPROVE IBEW LOCAL 98'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, IBEW Local 98 has selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Reise Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, No. H-01-3624, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006).

Accordingly, the Court should approve IBEW Local 98's selection of counsel.

### IV.  CONCLUSION

For all the foregoing reasons, IBEW Local 98 respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint IBEW Local 98 as Lead Plaintiff in the Actions; (iii) approve its

Case No. 07-14278-CIV-GRAHAM/LYNCH

selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED:  November 19, 2007                               COUGHLIN STOIA GELLER
                                                                                       RUDMAN & ROBBINS LLP


                                                                                /s/ *Jack Reise*
                                                                                   JACK REISE

                                                                  PAUL J. GELLER
                                                                  Florida Bar No. 984795
                                                                  JACK REISE
                                                                  Florida Bar No. 058149
                                                                  120 East Palmetto Park Road, Suite 500
                                                                  Boca Raton, FL  33432
                                                                  Telephone:  561/750-3000
                                                                  561/750-3364 (fax)

                                                                  COUGHLIN STOIA GELLER
                                                                      RUDMAN & ROBBINS LLP
                                                                  SAMUEL H. RUDMAN
                                                                  DAVID A. ROSENFELD
                                                                  MARIO ALBA, JR.
                                                                  58 South Service Road, Suite 200
                                                                  Melville, NY  11747
                                                                  Telephone:  631/367-7100
                                                                  631/367-1173 (fax)

                                                                  [Proposed] Lead Counsel for Plaintiffs

I:\Opteum\LP Motion\LP Memo.doc

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that on November 19, 2007, I caused a true and correct copy of the attached:

> Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel;
>
> Memorandum in Support of the Motion of International Brotherhood of Electrical Workers Local 98 for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel; and
>
> Declaration of Jack Reise in Support of the Motion of International Brotherhood of Electrical Workers Local 98 for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel,

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

*/s/ Mario Alba Jr.*
Mario Alba Jr.

OPTEUM

Service List - 11/16/2007  (07-0237)

Page 1 of  2

**Counsel For Defendant(s)**

Tracy A. Nichols
Richard J. Mockler
Mara D. Aronson
Holland & Knight LLP
701 Brickell Avenue, Suite 3000
Miami, FL  33131
   305/374-8500
   305/789-7799 (Fax)

**Counsel For Plaintiff(s)**

Evan J. Smith
Brodsky & Smith, LLC
Two Bala Plaza, Suite 602
Bala Cynwyd, PA  19004
   610/667-6200
   610/667-9029 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario  Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

Paul J. Geller
Jack  Reise
Coughlin Stoia Geller Rudman & Robbins LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
   561/750-3000
   561/750-3364 (Fax)

John H. Genovese
Johnathan  Perlman
Genovese Joblove & Battista, P.A.
100 Southeast Seond Street, 44th Floor
Miami, FL  33131
   305/349-2300
   305/349-2310 (Fax)

Kim E. Miller
Kahn Gauthier Swick, LLC
12 East 41st Street, 12th Floor
New York, NY  10017
   212/696-3730
   504/455-1498 (Fax)

Lewis S. Kahn
Kahn Gauthier Swick, LLC
650 Poydras Street, Suite 2150
New Orleans, LA  70130
   504/455-1400
   504/455-1498 (Fax)

OPTEUM

Service List - 11/16/2007   (07-0237)

Page 2 of 2

Eric Allan Lee
Wayne H. Schwartz
Lee & Amtzis, P.L.
5550 Glades Road, Suite 401
Boca Raton, FL  33431
   561/981-9988
   561/981-9980 (Fax)

Richard A. Maniskas
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
   610/667-7706
   610/667-7056 (Fax)