### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
### FORT PIERCE DIVISION

| | | |
|---|---|---|
| **IN RE OPTEUM, INC.** | ) | CIVIL ACTION NO. 07-14278- CIV-GRAHAM |
| **SECURITIES LITIGATION** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE
### CONFORMING CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Defendants Bimini Capital Management, Inc., formerly known as Opteum, Inc., ("Opteum" or the "Company"), Peter E. Norden, and Jeffrey J. Zimmer, ("Defendants") submit their Answer and Affirmative Defenses to the Conforming Consolidated Amended Class Action Complaint ("CAC").

### ANSWER

1. Defendants admit this is a purported claim for violations of federal securities laws, but deny that Lead Plaintiff and additional Plaintiff (collectively, "Plaintiffs") have stated a cognizable claim or may bring this action as a class action.

2. Defendants deny that Plaintiffs may bring this action as a class action.

3. Defendants admit that Plaintiffs purport to bring its claims pursuant to Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder.

4. Defendants deny that the Court has jurisdiction under 28 U.S.C. § 1337, but admit the remaining allegations of paragraph 4.

5. Admitted.

6.   Defendants admit that venue is proper in this District and that Opteum maintains its principal place of business in this District, but deny the remaining allegations of paragraph 6.

7.   Admitted.

8.   Defendants admit that the Court appointed the Kornfeld Lead Plaintiff Group as Lead Plaintiff in this action, and that the Lead Plaintiffs' certifications were attached to their motion for appointment as lead plaintiff, but are without sufficient information to admit or deny the remaining allegations of paragraph 8.

9.   Defendants admit the first, second, third, and fifth sentences of paragraph 9. Defendants are without sufficient information regarding which "SEC filings issued during the Class Period" to admit or deny the allegations in the fourth sentence of paragraph 9.  Defendants deny the remaining allegations of paragraph 9.

10. Defendants admit that Peter R. Norden was a Director and Senior Executive Vice President of the Company from November 2005 through the end of the purported Class Period, and Defendants admit the second and third sentences of paragraph 10. Defendants admit that Mr. Norden signed Opteum's 2005 and 2006 Forms 10-K, but are without sufficient information regarding which "SEC filings" Plaintiffs reference to admit or deny the allegations in the fourth sentence of paragraph 10.  Defendants admit that Mr. Norden's compensation for 2005 and 2006 is set forth in the Company's publicly-filed 2006 and 2007 Schedules 14A, which speak for themselves, but deny the remaining allegations in the fifth sentence of paragraph 10.

11. Defendants admit that Jeffrey J. Zimmer was the Chairman, President and Chief Executive Officer of the Company during the purported Class Period, and that he signed and certified the Company's 2005 and 2006 Forms 10-K, 2005 and 2006 Forms 10-Q, and 2005 and 2006 Forms S-3, but are without sufficient information regarding which "SEC filings" Plaintiffs

reference to admit or deny the allegations in the second sentence of paragraph 11. Defendants admit that Mr. Zimmer's compensation for 2005 and 2006 is set forth in the Company's publicly-filed 2006 and 2007 Schedules 14A, which speak for themselves, but deny the remaining allegations in the third sentence of paragraph 11.

12. Defendants admit that on September 29, 2005, Bimini issued a Form 8-K announcing that it had entered into an agreement and plan of merger ("Merger Agreement") with OFS, that on November 3, 2005, Bimini issued a Form 8-K announcing that Bimini Acquisition LLC had completed the previously announced merger with OFC pursuant to the Merger Agreement, and that OFS became a wholly-owned taxable REIT subsidiary of Bimini. Defendants deny the remaining allegations of paragraph 12 and any characterization of the Company's public filings.

13. Defendants do not have sufficient information to admit or deny whether several confidential witnesses made the allegations attributed to them in the second, third, fourth and fifth sentences of paragraph 13. Defendants deny the remaining allegations of paragraph 13.

14. Defendants admit that Bimini changed its name to Opteum, effective February 10, 2006, that Defendant Zimmer held a conference call on September 30, 2005 (the "September 30 Conference Call") to discuss the Merger Agreement, and that the quote in paragraph 14 is substantially accurate. Defendants deny the remaining allegations of paragraph 14.

15. Defendants admit that the quotes in paragraph 15 are substantially accurate, without Plaintiffs' added emphasis, **[but deny any characterization of the quotes, which speak for themselves]**.

16. Denied.

17. Denied.

18. Denied.

19. Defendants admit that the quotes in paragraph 19 are substantially accurate, without Plaintiffs' added emphasis, but deny any characterizations of the quotes, which speak for themselves.  Defendants deny the remaining allegations of paragraph 19.

20. Defendants admit that the quotes in paragraph 20 are substantially accurate, without Plaintiffs' added emphasis, but deny any characterizations of the quotes, which speak for themselves.  Defendants deny the remaining allegations of paragraph 20.

21. Defendants admit that Opteum issued a press release on May 10, 2007, announcing a net loss of $78 million for the period ended Q1 2007, and that Opteum issued a press release on August 14, 2007, announcing a net loss of $162.5 million for the period ended Q2 2007. Defendants deny the remaining allegations of paragraph 21.

22. Defendants do not have sufficient information to admit or deny whether several confidential witnesses made the allegations attributed to them in the fifth and sixth sentences of paragraph 22.  Defendants deny the remaining allegations of paragraph 22.

23. Defendants do not have sufficient information to admit or deny whether several confidential witnesses made the allegations attributed to them in the third, fourth and fifth sentences of paragraph 23.  Defendants deny the remaining allegations of paragraph 23.

24. Defendants admit that Opteum's Free Writing Prospectus filed on January 26, 2007, includes a Senior Management Bio of Mary Glass-Schannault, but are without sufficient information regarding which "SEC filings" are referenced in paragraph 24 to admit or deny the allegations in the last sentence of paragraph 24.  Defendants are without sufficient information to admit or deny whether a confidential witness made the allegations attributed to him or her in the remaining allegations of paragraph 24.

25. Defendants are without sufficient information to admit or deny whether a confidential witness made the allegations attributed to him or her in paragraph 25.  Defendants deny the remaining allegations of paragraph 25.

26. Defendants are without sufficient information to admit or deny whether a confidential witness made the allegations attributed to him or her in the remaining sentences of paragraph 26. Defendants deny the remaining allegations of paragraph 26.

27. Defendants admit that in the September 30 Conference Call, Defendant Norden represented that "the FICO in Atl-A [sic] is really within the 690," but are without sufficient information to admit or deny whether a confidential witness made the allegations attributed to him or her in the fourth sentence of paragraph 27.  Defendants deny the remaining allegations of paragraph 27.

28. Defendants do not have sufficient information to admit or deny whether several confidential witnesses made the allegations attributed to them in paragraph 28.  Defendants deny the remaining allegations of paragraph 28.

29. Defendants do not have sufficient information to admit or deny whether several confidential witnesses made the allegations attributed to them in paragraph 29, and Defendants deny the remaining allegations of paragraph 29.

30. Denied.

31. Defendants do not have sufficient information to admit or deny whether a confidential witness made the allegations attributed to him or her in paragraph 31.  Defendants deny the remaining allegations of paragraph 31.

32. Defendants do not have sufficient information to admit or deny whether several confidential witnesses made the allegations attributed to them in paragraph 32. Defendants deny the remaining allegations of paragraph 32.

33. Defendants do not have sufficient information to admit or deny whether a confidential witness made the allegations attributed to him or her in paragraph 33. Defendants deny the remaining allegations of paragraph 33.

34. Defendants do not have sufficient information to admit or deny whether a confidential witness made the allegations attributed to him or her in paragraph 34. Defendants deny the remaining allegations of paragraph 34.

35. Defendants do not have sufficient information to admit or deny whether a confidential witness made the allegations attributed to him or her in paragraph 35. Defendants deny the remaining allegations of paragraph 35.

36. Denied.

37. Defendants admit that, on November 3, 2005, Bimini issued a press release announcing that it had completed the previously announced merger with OFS. Defendants further admit that the quote in paragraph 37 is substantially accurate, without Plaintiffs' added emphasis. Defendants deny the remaining allegations of paragraph 37.

38. Defendants admit that, on February 6, 2006, Bimini issued a press release announcing that the Company's Board of Directors had voted unanimously to change the Company's name to Opteum, and that Defendant Zimmer said that the name change "further enhances the seamless integration of our two companies." Defendants deny the remaining allegations of paragraph 38.

39. Denied.

40. Defendants do not have sufficient information to admit or deny whether several confidential witnesses made the allegations attributed to them in paragraph 40. Defendants deny the remaining allegations of paragraph 40.

41. Defendants admit that, on February 23, 2006, Opteum issued a press release announcing financial results for Q4 2005 and fiscal year ended December 31, 2005, and a net loss of approximately $2.7 million for Q4 2005. Defendants admit that the quote in paragraph 41 is substantially accurate, without Plaintiffs' added emphasis, but deny any characterization of the quote, which speaks for itself.

42. Defendants do not have sufficient information to admit or deny whether a confidential witness made the allegations attributed to him or her in the second sentence of paragraph 42. Defendants deny the remaining allegations of paragraph 42.

43. Defendants do not have sufficient information to admit or deny whether a confidential witness made the allegations attributed to him or her in the third sentence of paragraph 43. Defendants deny the remaining allegations of paragraph 43.

44. Defendants do not have sufficient information to admit or deny whether a confidential witness made the allegations attributed to him or her in paragraph 44. Defendants deny the remaining allegations of paragraph 44.

45. Defendants admit that, on March 28, 2006, Opteum issued a press release reporting a "Strong Demand for 'Affordability Products' as Home Prices Hold Steady and Interest Rates Continue to Climb." Defendants admit the quotes in paragraph 45 are substantially accurate, but deny any characterizations of the quotes, which speak for themselves. Defendants deny the remaining allegations of paragraph 45.

46. Defendants admit that, on May 8, 2006, Opteum issued a press release announcing financial results for Q1 2006, and that the quote in paragraph 46 is substantially accurate, without Plaintiffs' added emphasis, but deny any characterization of the quote, which speaks for itself.  Defendants deny the remaining allegations of paragraph 46.

47. Defendants admit that the quote in paragraph 47 is substantially accurate, without Plaintiffs' added emphasis.

48. Denied.

49. Defendants do not have sufficient information to admit or deny whether a confidential witness made the allegations attributed to him or her in paragraph 49.  Defendants deny the remaining allegations of paragraph 49.

50. Defendants admit that, on August 8, 2006, Opteum issued a press release announcing financial results for Q2 2006, that Opteum reported a consolidated net loss of approximately $3.69 million for Q2 2006, and that the quote in paragraph 50 is substantially accurate, except for Plaintiffs' added emphasis, but deny any characterization of the quote, which speaks for itself.

51. Defendants admit that the quotes in paragraph 51 are substantially accurate, except for Plaintiffs' added emphasis and syntax.

52. Denied.

53. Defendants admit that, on November 8, 2006, Opteum issued a press release announcing that the Company's Q3 2006 filing would be delayed and that the Company would restate its consolidated financial statements for Q1 2006 and Q2 2006.  Defendants admit that the quote in paragraph 53 is substantially accurate, but deny any characterization of the quote, which speaks for itself.  Defendants deny the remaining allegations of paragraph 53.

54. Defendants admit that the quotes in paragraph 54 are substantially accurate, except for Plaintiffs' added emphasis and syntax, but deny any characterizations of the quotes, which speak for themselves.

55. Defendants admit that the quote in paragraph 55 is substantially accurate, except for Plaintiffs' syntax, but deny any characterization of the quote, which speaks for itself.

56. Defendants admit that, in the November 8, 2006 press release, Opteum indicated that "[a]lthough the Company's review of the full legal, accounting and tax impact of this accounting policy is ongoing, the Company presently believes that, once restated, its consolidated results of operations before income taxes for the six month period ended June 30, 2006, will be reduced by less than $1 million from the Company's year-to-date consolidated results of operations before income taxes previously reported."  Defendants admit the allegations in the second sentence of paragraph 56.

57. Denied.

58. Denied.

59. Admitted.

60. Defendants admit that the quote in paragraph 60 is substantially accurate, except for Plaintiffs' syntax and added emphasis.

61. Denied.

62. Defendants admit that, on December 21, 2006, Opteum issued a press release announcing "that it had sold a 7.5% non-voting limited liability company membership interest in OFS to Citigroup Global Markets Realty Corp. ("Citigroup Realty")" for $4,125,000 and had "granted Citigroup Realty the option, exercisable at any time before December 21, 2007, to purchase an additional 7.49% non-voting limited liability company membership interest in OS

for $4,119,500."  Defendants admit that the quotes in paragraph 62 are substantially accurate, except for Plaintiffs' syntax and added emphasis, but deny any characterizations of these quotes, which speak for themselves.

63. Denied.

64. Denied.

65. Defendants admit that, on January 9, 2007, Opteum issued a press release announcing the retirement of Martin J. Levine, Co-Founder, Executive Vice President and Chief Operations Officer of OFS, but Defendants deny the remaining allegations of paragraph 65.

66. Defendants admit that, on February 14, 2007, Opteum issued a press release announcing financial results for Q4 2006 and fiscal year ended December 31, 2006, a "consolidated net loss of approximately $33.9 million," including a $10 million loss attributable to an other than temporary impairment as of December 31, 2006, of certain mortgage-backed security ("MBS") portfolio assets" that the Company had sold or intended to sell during Q1 2007, estimating Q1 2007 earnings to "include a loss of approximately $1.1 million related to the sale of these MBS assets," and reporting that, for the year ended December 31, 2006, Opteum reported a net loss of approximately $49.5 million, compared with consolidated net income of $24.3 million for December 31, 2005, and that the Company estimated that its Book Value per Share of December 31, 2006 would be approximately $7.85, compared with $8.41 as of September 30, 2006.  Defendants deny the remaining allegations of paragraph 66.

67. Defendants admit that, in the February 14, 2007 press release, the Company announced that it "currently believes, based on 2007 projected production levels," that the sale to Citigroup Realty of a 7.5% company membership interest in OFS and amendments to OFS's financing facilities with Citigroup Realty "will lead to approximately $5.5 million to $6 million

in savings at OFS."  Defendants admit that, in the February 14, 2007 press release, the Company also announced the elimination of 272 positions at OFS and indicated that "[t]he combined savings from staff reductions and new lending agreements should result in significantly leaner operations at OFS in 2007 than in the past."  Defendants deny the remaining allegations of paragraph 67.

68. Defendants admit that the quotes in paragraph 68 are substantially accurate, but deny any characterizations of the quotes, which speak for themselves.

69. Defendants admit that the quote in paragraph 69 is substantially accurate, except for Plaintiffs' added emphasis.

70. Defendants admit that the quotes in paragraph 70 are substantially accurate, except for Plaintiffs' syntax, but deny any characterizations of the quotes, which speak for themselves.

71. Defendants admit that the quote in paragraph 71 is substantially accurate, except for Plaintiffs' added emphasis, but deny any characterization of the quote, which speaks for itself. Defendants deny the remaining allegations of paragraph 71.

72. Denied.

73. Defendants admit that, on March 20, 2007, Friedman, Billings, Ramsey & Co., Inc. ("FBR") issued a research report lowering Opteum's rating to "underperform" and adjusting its price target to $1.00, but deny any characterizations of the research report, which speaks for itself.  Defendants admit that, on March 20, 2007, Opteum issued a press release making "several observations in response" to the FBR March 20, 2007 research report.  Defendants deny the remaining allegations of paragraph 73.

74. Defendants admit that the quote in paragraph 74 is substantially accurate, except for Plaintiffs' added emphasis, but deny any characterizations of the quote, which speaks for itself.

75. Defendants admit that the quote in paragraph 75 is substantially accurate, except for Plaintiffs' added emphasis, but deny any characterizations of the quote, which speaks for itself. Defendants deny the remaining allegations of paragraph 75.

76. Defendants admit that, on March 21, 2007, the *American Banker* reported that FBR's Merrill Ross issued a revised report acknowledging that Opteum had received the covenant waivers, accepting Opteum's assurances that it has adequate liquidity, and raising her target price to $4. Defendants deny the remaining allegations of paragraph 76.

77. Denied.

78. Defendants admit that the quote in paragraph 78 is substantially accurate, except for Plaintiffs' syntax, but deny any characterization of the quote, which speaks for itself. Defendants deny the remaining allegations of paragraph 78.

79. Defendants admit that the quote in paragraph 79 is substantially accurate, except for Plaintiffs' added emphasis.

80. Defendants admit that the quote in paragraph 80 is substantially accurate, except for Plaintiffs' added emphasis.

81. Defendants admit that, on May 7, 2007, Opteum issued a press release announcing that OFS had "entered into a definitive agreement to sell substantially all of the assets related to OFS's retail mortgage origination business (the "Business") and certain other assets associated with OFS's corporate staff functions for an estimated aggregate purchase price of $5 million plus the assumption of certain lease and other liabilities related to the Business and the assets being sold." Defendants deny any characterization of the press release, which speaks for itself. Defendants admit that the quote in paragraph 81 is substantially accurate, except for Plaintiffs' added emphasis. Defendants deny the remaining allegations of paragraph 81.

82. Defendants admit that, on December 21, 2006, Opteum issued a press release indicating that "With lower funding costs and even greater access to capital, we are well positioned to profitably increase our market share as we leverage our multi-channel mortgage origination platform."  Defendants deny any characterization of the press release, which speaks for itself, and the remaining allegations of paragraph 82.

83. Defendants are without sufficient information to admit or deny the allegations of paragraph 83.

84. Denied.

85. Defendants admit that Mr. Zimmer's and Mr. Norden's salaries and bonuses for 2005 and 2006 are set forth in the Company's publicly-filed 2006 and 2007 Schedules 14A, which speak for themselves, but are without sufficient information to admit or deny the allegations in the second sentence of paragraph 85.  Defendants deny the allegations in the first sentence of paragraph 85.

86. Defendants admit that Opteum's 2005 Form 10-K discusses Investment Strategy, Asset Acquisition Strategy, Leverage Strategy and Risk Management Approach, but deny the remaining allegations in the first sentence of paragraph 86.  Defendants admit that the quotes in the second sentence of paragraph 86 are substantially accurate, except for Plaintiffs' added emphasis, but deny any characterizations of the quotes, which speak for themselves.

87. Denied.

88. Denied.

89. Defendants admit that, on May 10, 2007, Opteum issued a press release reporting a consolidated net loss of $78.1 million for the period ended March 31, 2007, and that the quotes in paragraph 89 are substantially accurate, except for Plaintiffs' syntax and added emphasis, but

deny any characterizations of these quotes, which speak for themselves.  Defendants deny the remaining allegations of paragraph 89.

90. Defendants admit that Opteum's stock closed at $5.45 on May 10, 2007 and at $4.08 May 11, 2007, but deny the remaining allegations of paragraph 90.

91. Defendants admit that, on July 2, 2007, Opteum issued a press release announcing that OFS had "completed the sale, effective June 30, 2007, of substantially all of the assets related to OFS's retail mortgage loan origination business (the "Business"), and certain other assets associated with OFS's corporate staff functions", but deny the remaining allegations of the first sentence of paragraph 91.  Defendants admit the second and third sentences of paragraph 91. Defendants deny the allegations in the fourth sentence of paragraph 91.

92. Defendants admit that, on August 10, 2007, Opteum issued a press release announcing estimated its Book Value Per Share at June 30, 2007, at approximately $1.17 compared with $4.80 as of March 31, 2007, estimating a consolidated net loss of approximately $162.5 million (approximately $6.53 per share) for the three month period ended June 30, 2007, and estimating Q2 2007 loss from continuing operations at approximately $82.0 million and losses from discontinued operations, net of tax, of approximately $80.5 million, but deny the remaining allegations in the first and second sentences of paragraph 92.  Defendants admit that the closing price of Opteum's stock closed at $1.65 on August 9, 2007 and $1.05 on August 10, 2007, but deny the remaining allegations in the third sentence of paragraph 92.

93. Defendants admit that the price of Opteum's stock closed at $7.17 on January 9, 2007 and at $1.05 on August 10, 2007, and that, on August 10, 2007, Opteum issued a press release announcing a consolidated net loss of approximately $162.5 million, but deny the remaining allegations of paragraph 93.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Defendants admit that the price of Opteum's stock closed at $5.45 on May 10, 2007, at $4.08 on May 11, 2007, at $1.65 on August 9, 2007, and at $1.05 on August 10, 2007. Defendants deny the remaining allegations of paragraph 98.

99. Denied.

100.   Defendants admit subparagraph (a), but deny the remaining allegations of paragraph 100.

101.   Defendants are without sufficient information to admit or deny the first sentence of paragraph 101.  Defendants deny the second sentence of paragraph 101.

102.   No response required.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.    Denied.

114.    Defendants admit that Plaintiffs purport to bring this action as a class action.

115.    The first sentence of paragraph 115 is a legal conclusion, to which no response is required.  Defendants admit the allegations in the second sentence of paragraph 115, are without sufficient information to admit or deny the allegations in the fourth sentence of paragraph 115, and deny the remaining allegations of paragraph 115.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Defendants are without sufficient information to admit or deny the allegations of paragraph 121.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    No response required.

129.    Denied.

130.    Denied.

131.    Denied.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs' claims are barred in whole or in part because any allegedly untrue statement of material fact, omission of material fact, misleading statement, or other action by Defendants set forth in the CAC was not misleading and/or false.

2.  Plaintiffs' claims are barred in whole or in part because some or all of the alleged misstatements or omissions upon which Plaintiffs rely were not reflected in Opteum's stock price.

3.  Plaintiffs' claims are barred in whole or in part because Plaintiffs cannot prove loss causation.

4.  Plaintiffs' claims are barred in whole or in part because any allegedly untrue statement of fact, omission of fact, misleading statement, or other action by Defendants set forth in the CAC was immaterial to a reasonable investor.

5.  Plaintiffs' claims are barred in whole or in part because Defendants had no duty to disclose the alleged omissions of material fact set forth in the CAC.

6.  Plaintiffs' claims are barred in whole or in part because any allegedly untrue statement of material fact, omission of material fact, misleading statement, or other action by Defendants set forth in the CAC was made in good faith and/or without scienter.

7.  Plaintiffs' claims are barred in whole or in part because factors other than the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other actions by Defendants set forth in the CAC were the actual and/or legal cause of Plaintiffs' alleged damages.

8.  Plaintiffs' claims are barred in whole or in part because any losses for which Plaintiffs are seeking recovery were not actually and/or legally caused by the allegedly untrue statements

of material fact, omissions of material fact, misleading statements, or other actions by Defendants set forth in the CAC, rather such losses, if any, were caused by intervening or superseding factors.

9. Plaintiffs' claims are barred in whole or in part because any allegedly untrue statement of material fact, omission of material fact, misleading statement or other action by Defendants set forth in the CAC are non-actionable projections or forward-looking statements.

10. Plaintiffs' claims are barred in whole or in part because some or all of the alleged misstatements or omissions upon which Plaintiffs rely were made credibly available to the market by other sources.

11. Plaintiffs' Section 20(a) claims are barred because Defendants are not "control persons" within the meaning of Section 20(a) of the Securities Exchange Act of 1934.

12. Plaintiffs' Section 20(a) claims are barred because Defendants acted in good faith and did not directly or indirectly induce or participate in the act or acts constituting the alleged violations and causes of action.

13. Plaintiffs' claims are barred in whole or in part because Plaintiffs did not justifiably rely on the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other actions by Defendants set forth in the CAC.

14. Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to make reasonable efforts to mitigate its alleged damages, which reasonable efforts would have prevented its alleged damages.

15. The CAC fails to state a claim upon which relief can be granted.

16. Plaintiffs lack standing, in whole or in part, to assert the purported claims contained in the CAC.

17. Lead Plaintiff is not an adequate or appropriate class representative.

Defendants reserve the right to amend their Answer to assert any and all additional defenses to which they may be entitled after the facts supporting such defenses become known to them through discovery.

WHEREFORE, Defendants respectfully request that this Court:

1.    Enter judgment for Defendants, and each of them, for each count of the CAC;

2.    Award Defendants, and each of them, their costs and expenses incurred in defending this action, including their attorneys' fees; and

3    Grant Defendants, and each of them, such other and further relief as the Court deems just and proper.


October 23, 2009                                     Respectfully submitted,

                                                    HOLLAND & KNIGHT LLP
                                                    *Attorneys for Defendants*
                                                    701 Brickell Avenue, Suite 3000
                                                    Miami, Florida 33131
                                                    Tel. (305) 374-8500
                                                    Fax (305) 789-7799

                                                    By: /s Tracy A. Nichols
                                                        Tracy A. Nichols (FBN 454567)
                                                        tracy.nichols@hklaw.com
                                                        Louise McAlpin (FBN 983810)
                                                        louise.mcalpin@hklaw.com
                                                        Mara Geronemus (FBN 19086)
                                                        mara.geronemus@hklaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 23, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


By:     s/ Tracy Nichols
        Tracy Nichols

## SERVICE LIST

David A.P. Brower
BROWER PIVEN
488 Madison Avenue, 8th Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300
*Lead Counsel for Plaintiffs and Classes*

Joseph E. White, III
SAXENA WHITE, PA
2424 North Federal Highway, Suite 2150
Boca Raton, Florida 33431
Telephone: (561)394-3399
Facsimile: (561)394-3382
*Additional Counsel for Plaintiffs and the Classes*

Kim E. Miller (*admitted pro hac vice*)
KAHN GAUTHIER SWICK, LLC
12 E 41st Street, 12th Floor
 New York, NY 10017
Telephone: (212) 696-3730

Lewis Kahn *(admitted pro hac vice)*
KAHN GAUTHIER SWICK, LLC
650 Poydras Street - Suite 2150
New Orleans, LA 70130
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

# 8908453_v3