**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**IN RE OPTEUM, INC.** )
**SECURITIES LITIGATION** )
)
)
)
)
)
)
______________________________)

CIVIL ACTION NO. 07-14278- CIV-GRAHAM

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to an Order of this Court, dated September 10, 2010 (the "Preliminary Order"), on the application of the Parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of August 4, 2010 (the "Stipulation"). In the Preliminary Order, pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certified a Class for the purposes of this Settlement and ordered that Lead Plaintiffs commence notifying the Class of the pendency of the Settlement. Due and adequate notice of the Settlement having been given as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of

settlement only, Lead Plaintiffs are certified as class representatives and Lead Plaintiffs' selection of Kahn Swick & Foti, LLC and Brower Piven, A Progessional Corporation, as Class Counsel is approved.

4. This Court finds that the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") given to the Class was the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation and the Final Approval Hearing thereon, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

5. Pursuant to the Class Action Fairness Act of 2005, Defendants provided timely and adequate notification of this settlement to the appropriate state and federal officials.

6. This Court finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Class, and Defendants. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation, approves the Plan of Allocation set forth in the Notice, and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Lead Plaintiffs and the Class. Accordingly, the Settlement shall be consummated in accordance with its terms and provisions, and the Parties are hereby directed to perform the terms of the Stipulation.

7. Upon the Effective Date hereof, and in consideration of: (a) Defendants' (or their insurers') payment of the amount of $2,350,000.00; and (b) Defendants' and their Related

Parties' release of Defendants' Released Claims, as set forth in the Settlement, Lead Plaintiffs and each Class Member (and their Related Parties, as defined in the Stipulation) shall be deemed to have, and by operation of this Judgment shall have: (1) fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them, whether or not such Class Member executes and delivers a Proof of Claim and Release; and (2) agreed to refrain from instituting, commencing, prosecuting, or cooperating with, either directly or indirectly, representatively, or in any other capacity, any and all Released Claims.

8. All Class Members who do not validly and timely request exclusion from the Class are hereby forever barred and enjoined from prosecuting the Released Claims against any of the Released Parties.

9. Upon the Effective Date hereof, and in consideration of the releases to be provided by Lead Plaintiffs, the Class, and all members thereof, Defendants, and each of them (and their Related Parties as defined in the Stipulation), shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of Lead Plaintiffs, Class Members, Plaintiffs' Lead Counsel, and each of them, and each of those parties' Corresponding Released Parties from all Released Defendants' Claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

10. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession, or evidence of the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Lead Plaintiffs and the Class, the sufficiency or deficiency of any defense that has

been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of Defendants and their Corresponding Released Parties, or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved, or made by any of Defendants, or any of their Corresponding Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; (c) is or may be deemed to be or shall be used, offered, or received against Defendants, Lead Plaintiffs and the Class, their Corresponding Released Parties, or each or any of them, as an admission, concession, or evidence of the validity or invalidity of any of Released Defendants' Claims, the infirmity or strength of any claims raised in the Litigation, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation; (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Parties and their Corresponding Parties, or each or any of them, that any of Lead Plaintiffs' claims are with or without merit, that damages recoverable under Lead Plaintiffs' operative complaint would have been greater or less than the Settlement amount or that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount which could have or would have been recovered after trial. Any of the Parties or any of their Corresponding Released Parties may file this Stipulation and/or the Final Order and Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby

retains continuing jurisdiction over: (a) implementation of this Settlement; and (b) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

12. After completion of the processing of all claims by the claims administrator, Lead Plaintiffs shall disburse the Net Settlement Fund in accordance with the Plan of Allocation.

13. The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15. Except as to any individual claim of those who validly and timely request exclusion from the Class, the Litigation as well as all of the Released Claims and Released Defendants' Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

16. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 14th day of December, 2010.

HON. DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE